UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN METZ,

          Plaintiff,

    v.

JEFFREY LEEPER, et al.,

          Defendants.

CASE NO. 2:25-cv-01511-JNW

ORDER GRANTING DEFENDANT JEFFREY LEEPER'S MOTION TO DISMISS

## 1. INTRODUCTION

This matter comes before the Court on Defendant Jeffrey Leeper's motion to dismiss pro se Plaintiff Steven Metz's complaint. Dkt. No. 18. Metz was found guilty of criminal trespassing in a state court prosecution. He alleges that Leeper, the prosecutor in that case, violated federal law by depriving him of his constitutional rights and prosecuting him without probable cause and with malice. Because these allegations involve Leeper's role as a prosecuting attorney, absolute immunity attaches, and Metz's claims against Leeper are DISMISSED WITH PREJUDICE.

ORDER GRANTING DEFENDANT JEFFREY LEEPER'S MOTION TO DISMISS - 1

## 2. BACKGROUND

The Court takes the following facts from the complaint, Dkt. No. 1, and considers them true for purposes of ruling on the Motion to Dismiss.

On January 15, 2025, Plaintiff Metz was detained and arrested in front of the Department of Licensing in Oak Harbor. Dkt. No. 1 at 2. On January 21, 2025, Defendant Leeper, acting in his role as Prosecuting Attorney for Island County, Washington, charged Metz with one count of Criminal Trespass in the Second Degree. Dkt. No. 23-1. Metz was found guilty of that charge on June 12, 2025. Dkt. No. 23-2.

On August 7, 2025, Metz sued Leeper, along with other individuals and municipalities involved in his arrest. Dkt. No. 1. He generally alleges that the Defendants "subjected [him] to a campaign of harassment, retaliation, negligence, judicial abuse, prosecutorial misconduct, and unlawful arrest and assault," in violation of state and federal law. *Id.* The only specific allegations directed at Leeper are (1) that he charged Metz "despite video and testimonial evidence confirming that Plaintiff remained in a public space and was conducting legitimate business," *id.* ¶ 14, (2) that his "actions constitute malicious prosecution and intentional infliction of emotional distress," *id.* ¶ 19, and (3) that he prosecuted Metz "without probable cause and with malice, resulting in damages," *id.* ¶ 23.

Leeper moved to dismiss under Rule 12(c). Dkt. No. 18.

## 3. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

ORDER GRANTING DEFENDANT JEFFREY LEEPER'S MOTION TO DISMISS - 2

pleadings." "Judgment on the pleadings is proper 'when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 796 (9th Cir. 2024) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

The Court will grant a Rule 12(b)(6) motion if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Additionally, under the Federal Rules of Civil Procedure 8(e), "pleadings must be construed so as to do justice." *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, a "document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* But even under this liberal standard, a pro se plaintiff must allege sufficient facts to support the elements of a claim; the Court cannot supply essential elements not initially pled. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## 4. DISCUSSION

Leeper moves to dismiss Metz's complaint on several grounds, including absolute prosecutorial immunity, the *Heck v. Humphrey* bar, and failure to state a claim for intentional infliction of emotional distress. Before reaching the merits of the motion, the Court addresses Metz's objection to Leeper's declaration. Because the Court finds that absolute prosecutorial immunity resolves the motion, it addresses immunity before turning to leave to amend.

### 4.1    The Court may consider the public records attached to Leeper's declaration.

Metz objects to the Declaration of Jeffrey Leeper, Dkt. No. 23, which attaches the state court criminal complaint, judgment, and docket. Dkt. No. 25. On a motion to dismiss, a court may consider documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999)). Metz's claims rest on the criminal prosecution and the existence of the charge and conviction are referenced in the complaint. The Court may also take judicial notice of these public records, including the docket, under Federal Rule of Evidence 201. That said, the Court considers them for the limited purpose of establishing two undisputed facts—that Metz was charged and convicted of Criminal Trespass in the Second Degree. Metz's objection is OVERRULED.

ORDER GRANTING DEFENDANT JEFFREY LEEPER'S MOTION TO DISMISS - 4

**4.2    Leeper's action served a judicial function, and therefore is protected by absolute immunity.**

Prosecutors are absolutely immune from civil liability under both common law and § 1983 claims for conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) (extending the "well settled" complete prosecutorial immunity at common law to § 1983 claims). "Absolute immunity does not protect prosecutors merely because they are prosecutors; rather, immunity turns on 'the nature of the function performed, not the identity of the actor who performed it.'" *Gibson v. City of Portland*, No. 24-1663, --- F.4th ----, 2026 WL 235118, at *10 (9th Cir. Jan. 29, 2026) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). The official seeking absolute immunity bears the burden of demonstrating that absolute immunity is justified for the conduct in question. *Botello v. Gammick*, 413 F.3d 971, 978 (9th Cir. 2005).

Leeper's decision to prosecute Metz falls squarely within the "judicial phase of the criminal process" that prosecutorial immunity is designed to protect. *Imbler*, 424 U.S. at 430. Metz alleges that Leeper prosecuted him "without probable cause and with malice, resulting in damages." Dkt. No. 1 at 3. However, a prosecutor's immunity extends to all decisions to prosecute or not to prosecute a given case. *Botello,* 413 F.3d at 976 (citations omitted). A prosecutor may claim absolute immunity for "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 431. This principle encompasses suits like Metz's which allege federal violations of state malicious prosecution. *See Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (citing *Imbler*, 424 U.S. at 416).

In *Imbler,* the Supreme Court acknowledged that protecting prosecutors from litigation serves the motivating principles behind such immunity, noting that fear of litigation would "deflect[] . . . the prosecutor's energies from his public duties" and may cause the prosecutor to "shade his decisions instead of exercising the independence of judgment required by the public trust." 424 U.S. at 423. In doing so, the Court accepted that absolute immunity may insulate bad faith prosecutorial action from civil redress, but elevated the importance of the "vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id.* at 427–28.

Metz asserts that "[q]ualified immunity cannot be resolved prior to discovery when factual disputes exist regarding an officer's conduct and state of mind." Dkt. No. 24 at 2. However, because the decision whether to prosecute is protected by absolute rather than qualified immunity, the prosecutor's state of mind when making the decision to prosecute is irrelevant to this inquiry. *See, e.g.*, *Patterson v. Van Arsdel*, 883 F.3d 826, 829–30 (9th Cir. 2018) (noting that absolute immunity applies to the prosecutor's "performance of prosecutorial functions, even if the acts in question were committed in bad faith.").

The Court recognizes that absolute immunity does not extend to a prosecutor's investigatory or administrative functions, *see Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and that in his supplemental brief and surreply, Metz tries to recharacterize his claims as challenging conduct outside Leeper's advocacy role—asserting that Leeper engaged in "investigatory, administrative, and retaliatory conduct," including "[c]onspiring with or directing law enforcement,"

"[f]abricating or misrepresenting evidence," and "[a]busing his authority in a retaliatory manner," Dkt. No. 25 at 3. But having carefully reviewed the complaint, the opposition briefs, and the surreply, the Court finds no factual allegations to support these theories. As stated in the background section above, every allegation directed at Leeper concerns his decision to charge and prosecute Metz, which are the core advocacy functions protected by *Imbler*. No filing identifies what investigatory conduct Leeper supposedly undertook, when any pre-filing communication with law enforcement occurred, what evidence was purportedly fabricated or misrepresented, or how any retaliatory conduct manifested. These are legal conclusions, not factual allegations, and they are insufficient to overcome prosecutorial immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Absent any factual allegations to support that Leeper's conduct was investigative or administrative in nature, Leeper is absolutely immune from all claims asserted against him and dismissal of all claims against him is warranted.[1]

Leeper also moves to dismiss on the grounds that, since Metz's conviction has not been reversed or invalidated, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Metz's claim for intentional infliction of emotional distress fails to allege extreme and outrageous conduct. Because the Court resolves this

---

[1] Defendants Oak Harbor and James Hoagland have a separate motion for summary judgment pending, Dkt. No. 32, which the Court will address in a separate order.

ORDER GRANTING DEFENDANT JEFFREY LEEPER'S MOTION TO DISMISS - 7

motion on the basis of absolute prosecutorial immunity, it need not reach these alternative grounds for dismissal.

### 4.3    Leave to amend.

Courts are not to "dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). The Court takes this obligation seriously and has given Metz every benefit of the doubt, including consideration of his unauthorized surreply.[2] *See* Dkt. No. 31.

Having reviewed the complaint, the opposition briefing, the supplemental brief, and the surreply, the Court finds that the deficiencies here cannot be cured by amendment. The complaint's only allegations against Leeper concern his decision to charge and prosecute Metz. These are advocacy functions for which Leeper has absolute immunity, and no amendment can change the nature of the conduct alleged. Moreover, although Metz took three opportunities to articulate facts supporting an investigatory or administrative misconduct theory—in his opposition, supplemental brief, and surreply—he offered only conclusory assertions lacking any supporting factual content. At no point did Metz identify any specific acts by Leeper outside the prosecutorial advocacy function. The Court is satisfied that it is

---

[2] Under LCR 7(g), a surreply may be filed only to request that the Court strike material contained in a reply brief, must be filed within five days of the reply, and must be limited to that request. Metz's surreply is a substantive response to Leeper's reply, filed thirteen days later. Nevertheless, the Court has considered it in the interest of justice.

ORDER GRANTING DEFENDANT JEFFREY LEEPER'S MOTION TO DISMISS - 8

"absolutely clear" that amendment would be futile. *Rosati*, 791 F.3d at 1039. Metz's complaint against Leeper is therefore dismissed with prejudice.

## 5. CONCLUSION

Accordingly, the Court GRANTS Leeper's motion to dismiss, and DISMISSES Metz's complaint against Leeper WITH PREJUDICE.

Dated this 24th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANT JEFFREY LEEPER'S MOTION TO DISMISS - 9